# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-18-0219-F |
| | ) |
| JOE M. ALLBAUGH, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, appearing *pro se*, has filed an action seeking relief under 28 U.S.C. § 2254. On May 31, 2018, Magistrate Judge Gary M. Purcell issued a Report and Recommendation (the Report, doc. no. 21), which recommends granting respondent's motion to dismiss (doc. no. 14) on the ground that petitioner is no longer in custody on the concerned conviction, so that the "in custody" requirement for habeas relief is not met.

Petitioner filed nothing entitled as an objection to the Report. However, on June 12, 2018, petitioner filed a response to the motion to dismiss, which the court deems an objection to the Report. Doc. no. 22. Having considered petitioner's objections, the court finds nothing stated there indicates any outcome other than the one recommended by the magistrate judge, *i.e.* dismissal of the petition on the ground that petitioner has been released from custody on the concerned conviction. The court agrees with that result and there is no need for further discussion here.

Accordingly, petitioner's objections to the Report are **DENIED**, and the Report is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Respondents' motion to

dismiss is **GRANTED**. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 5th day of July, 2018.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0219p001.docx