# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANKLIN C. SMITH, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| -vs- | ) Case No. CIV-18-0219-F |
| | ) |
| JOE M. ALLBAUGH, et al., | ) |
| | ) |
| Respondents. | ) |

## ORDER

Petitioner, appearing *pro se*, has filed an action seeking relief under 28 U.S.C. § 2254. On May 31, 2018, Magistrate Judge Gary M. Purcell issued a Report and Recommendation (the Report, doc. no. 21), which recommends granting respondent's motion to dismiss (doc. no. 14) on the ground that petitioner is no longer in custody on the concerned conviction, so that the "in custody" requirement for habeas relief is not met.

Initially, the court adopted the Report and issued an order and judgment accordingly. Doc. nos. 23, 24. Petitioner then filed a motion for reconsideration which argued that he had not received the Report and therefore could not have filed timely objections to the Report. The motion for reconsideration was granted. Doc. no. 26. In that order, the court vacated its original order and judgment, and petitioner was given additional time within which to object to the Report. Petitioner did so, filing objections which were docketed on August 6, 2018. Doc. no. 27.

Recently, petitioner also filed a motion seeking reconsideration and relief from the court's original order and judgment under Rule 60(b)(3), Fed. R. Civ. P. Doc. no. 29. As grounds for relief, the motion indicates that petitioner had not

received the Report in a timely fashion and therefore had not had a chance to file timely objections. That argument was addressed and remedied when the court vacated its original order and judgment and provided petitioner with additional time for petitioner to object to the Report. Accordingly, the motion (doc. no. 29) is **DENIED**.

Turning to petitioner's objections to the Report, the court has reviewed all objected to matters *de novo*. Having done so, the court finds that nothing stated in those objections suggests any outcome other than the one recommended by the magistrate judge, *i.e.* dismissal of the petition on the ground that petitioner has been released from custody on the concerned conviction. The court agrees with the result recommended by the magistrate judge and there is no need for further discussion here.

Accordingly, petitioner's objections to the Report (doc. no. 27) are **DENIED**, and the Report (doc. no. 21) is **ACCEPTED**, **ADOPTED** and **AFFIRMED**. Respondents' motion to dismiss (doc. no. 14) is **GRANTED**. The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DISMISSED** without prejudice.

Movant is entitled to a certificate of appealability only upon making a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This standard is satisfied by demonstrating that the issues movant seeks to raise are deserving of further proceedings, debatable among jurists of reasons, or subject to different resolution on appeal. *See*, Slack v. McDaniel, 529 U.S. 473, 484 (2000) ("[W]e give the language found in §2253(c) the meaning ascribed it in [Barefoot v. Estelle, 463 U.S. 880, 893 (1983)], with due note for the substitution of the word 'constitutional.'"). "Where a district court has rejected the constitutional claims on the merits,...[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*. When a prisoner's habeas petition is dismissed on procedural grounds without

reaching the merits of the prisoner's claims, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Petitioner has not made the requisite showing and a certificate of appealability is **DENIED**.

IT IS SO ORDERED this 6th day of September, 2018.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

18-0219p004.docx